UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HUMANA FINANCIAL RECOVERY &
SUBROGATION *et al.*,                                                                   PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 3:17-CV-669-GNS

EDWARD HOSPITAL *et al*.                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen P. Wallace filed this *pro se* civil action on his own paper. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss this action.

### I. SUMMARY OF COMPLAINT

In the caption of the complaint, Plaintiff Stephen P. Wallace identifies himself as a "private attorney general" who is purportedly counsel for himself and a second plaintiff, "Humana Financial Recovery and Subrogation" (Humana). Plaintiff identifies the following parties as Defendants in this action – Edward Hospital; Dr. William R. Sterba, Dr. Keith B. Hanni, Pamela M. Davis, and "John Does 1-5".

Plaintiff states that Humana was his "Health Care Provider" when Defendants performed a hip surgery on him on January 30, 2013. Plaintiff states that during his surgery, he received a "sham prosthesis" which has now failed. He then writes: "Medical malpractice is a magnet for personal injury lawyers but [Plaintiff]'s inability to attract over 9 law firms after their initial keen interest has been due to tortious interference and & intimidation by Predicate Actors whom have criminally embezzled [Plaintiff]'s $40+ millions Irrevocable Trust Estate under color of law."

In the section of the complaint he titles "Jurisdiction and Venue," Plaintiff writes as follows:

> Plaintiff . . . has been DENIED ALL DUE PROCESS RIGHTS in ALL State & Federal Venues under an alleged covert proliferation of the infamous "Operation GreyLord" and [Plaintiff] has survived Actors "Conspiracy to Commit Murder (3) times" to forever quash their Accountability of RICO also perpetrated upon the US Treasury for US Tax Evasion; Interstate Financial Wire & Bank Fraud; US Bankruptcy Fraud, Forged Deeds, Identity Theft, etc., thus Plaintiff's seek impartial adjudication in HUMANA's U.S. District.

Plaintiff then states that "Co-Plaintiff, HUMANA" is a Kentucky corporation and that "Co-Plaintiff Wallance is currently a resident of Illinois, but will seeking 'Witness Protection' from U.S. Attorney, Russell M. Coleman, in the Criminal CASE."

In the section of the complaint titled "Statement of the Case," Plaintiff again makes reference to a $40 million trust that "has been criminally converted" by "interloper/usurper actors under color of law." He also states that without "Food Stamps, Medicare, St. Vincent De Paul Society Charity, and HUMANA, [Plaintiff] would have perished per 'predator parasite Actors PLAN of action' years ago." He then writes:

> John Does have made multiple attempts to Terminate Victim utilizing Victim's Trust Fund Assets to HIRE assassins as was perpetrated on January 30, 2013, when an "impostor male nurse . . . injected a Solution in Victim's IV immediately after arriving at hospital room from post OP causing Victim's pulse rate to drop to 27 beats per minute, only saved by the Head Nurse conversing with Victim, who called a RAPID RESPONSE team, then a CODE BLUE for Resuscitation . . . that thereafter Victim's surgery anesthesiologist, Dr. Keith Hanni entered the room to state that there was a Problem with the Surgery, and to ask Surgeon Sterba about it who came in about twenty minutes later who went totally Defendants, 'WHO TOLD YOU THAT?'

Plaintiff also seems to allege that a non-defendant Oklahoma deputy sheriff attempted to "abduct and terminate him." He then alleges that a non-defendant FBI agent located in San Antonio was "complicit in a civil conspiracy to quash any & all of the JP MORGAN criminal conversion collusion of Victim's Estate." Plaintiff indicates that he has filed actions in other courts and contacted United States senators regarding these allegations. He concludes by stating that he filed a "RICO CASE in Central District of Illinois v. Supreme Court Clerk, et al., which

again was Denied under Pauperis Verified Affidavit, yet allowed to be re-filed before January, 2018, which VICTIM now seeks this Courts unabiased ADJUDICATION with HUMANA seeking "exemplary DAMAGES" as well.

Plaintiff then writes: Count 1, RICO & Civil Conspiracy; COUNT 2 – Edward Hospital Failure to Secure Premises from Hostile Actors; Count 3 – Conspiracy and Deprivation of Rights under Color of Law; Count 4 – Breach of Contract/Fiduciary Duty for Surgical Services."

Plaintiff concludes his complaint by writing that he wants "the US Attorney Coleman to convene a SPECIAL GRAND JURY, in the Public Interest of Justice & Judicial Economy to compel a Forensic Audit to 'certify all US Reparations due and for the Restitution due Plaintiffs.'"

## II. LEGAL STANDARD

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Improper Venue

At the outset, the Court notes that Plaintiff, who is apparently a non-attorney, has designated himself as a "private attorney general," and is attempting to join Humana as a party-plaintiff to this action. However, as a non-attorney, Plaintiff has no right to attempt to represent Humana because a party in federal court must proceed either through licensed counsel or on his own behalf. *See* 28 U.S.C. § 1654; *see also Cavanaugh ex rel. Cavanaugh v. Cardinal Local School Dist.*, 409 F.3d 753, 755 (6th Cir. 2005) ("Because, by definition, *pro se* means to appear on one's own behalf, a person may not appear *pro se* on another person's behalf in the other's cause of action."). Accordingly, the Court will strike Humana as a party-plaintiff to this action.

This leaves Plaintiff, who states that he lives in Illinois, and the Defendants as parties to this action. A review of Plaintiff's medical records, which he has attached as exhibits to the

complaint, suggests that none of the named Defendants live or reside in Kentucky.[1] Plaintiff's complaint also suggests that none of the events giving rise to this suit occurred in the Western District of Kentucky. Thus, this Court is not the proper venue for this action. *See* 28 U.S.C. § 1391(b).

Where venue is improper, the Court may transfer a case to a proper venue, rather than dismiss, "if it be in the interest of justice." 28 U.S.C. § 1406(a). However, as discussed below, Plaintiff's complaint fails to a claim upon which relief may be granted. Therefore, the Court finds that dismissal, rather than a transfer, is appropriate. *See Wilson v. Allied-Barton Sec. Servs.*, No. 2:10-cv-1156-LKK-JFM (PS), 2011 U.S. Dist. LEXIS 47373, at *6-7 (E.D. Cal. May 3, 2011) (citing *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992)) (holding that dismissal, rather than transfer, was appropriate where the transfer would be futile because the case would be dismissed even after transfer).

## B. Specific Claims

### 1. RICO Claim

A plaintiff who brings suit under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq.*, must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). In the instant action, Plaintiff's allegations, most of which are wholly conclusory and incoherent, simply fail to state a RICO claim. Plaintiff offers no facts plausibly connecting Defendants to a criminal racketeering enterprise. *See also Ashcroft v. Iqbal*, 556 U.S. at 678 (holding legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth).

---

[1] These exhibits indicate that Defendant Dr. Hanni works in Naperville, Illinois (DN 1-3, p. 5); that Defendant Pamela Davis is the CEO of Defendant Edward Hospital, which is also in Naperville, Illinois (DN 1-3, p. 6); and that Defendant Dr. Sterba works at Edward Hospital in Naperville, Illinois (DN 1-3, p. 6).

## 2. Civil Conspiracy Claim

"A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). To state a claim, a plaintiff must show "that there was a single plan, that the alleged coconspirator[s] shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Id.* at 944; *see also Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012). Moreover, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

Here, the Court finds that Plaintiff's allegation that an FBI agent "was complicit in the civil conspiracy to quash any & all of the JP MORGAN criminal conversion collusion of Victim's Estate" fails to state a claim upon which relief may be granted. This allegation is incoherent, conclusory, and lacks the level of specificity required to plead the existence of a civil conspiracy. *See, e.g.*, *Annabel v. Mich. Dep't of Corr.*, No. 16-2532, 2017 U.S. App. LEXIS 19441, at *10-11 (6th Cir. Oct. 2, 2017).

## 3. Under "Color of State Law" Claims

To the extent that Plaintiff alleges that the private (non-state) Defendants have operated under "color of state law," this conclusory allegation - devoid of supporting facts - is insufficient to state any viable claim. *See, e.g.*, *Shabazz v. Xerox*, No. 1:14-cv-578, 2014 U.S. Dist. LEXIS 116677, at *20 (S.D. Ohio July 23, 2014).

### 4. State-Law Claims

Plaintiff's remaining claims against Defendant Edward Hospital for "failure to secure premises from hostile actors" and against the other named Defendants for "breach of contract/fiduciary duty for surgical services" are seemingly state-law claims. As such, these claims are subject to dismissal without prejudice for improper venue, as discussed above. *See, e.g., Matthews v. Grimes*, No. 16-1109, 2016 U.S. App. LEXIS 23793 (1st Cir. Aug. 31, 2016) (affirming district's court's without-prejudice dismissal of appellant's state-law claims for improper venue).

### IV. CONCLUSION

For the foregoing reasons, the Clerk of Court is **DIRECTED** to terminate Humana Financial Recovery & Subrogation as a party to this action and the Court will dismiss this action by separate Order.

Date: December 7, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Humana Financial Recovery & Subrogation
      Defendants
4416.011